IN THE SUPREME COURT OF THE STATE OF DELAWARE

KASHIEM THOMAS, §
§
Defendant Below, § No. 530, 2024
Appellant, §
§
§ Court Below: Superior Court of
v. § the State of Delaware
STATE OF DELAWARE, §
§ ID No. 1703001172 (N)
Appellee. §
§
§
§
§

Submitted: March 17, 2026
Decided: April 21 2026

Before **SEITZ**, Chief Justice; **VALIHURA**, **TRAYNOR**, **LEGROW**, and **GRIFFITHS,** Justices, constituting the Court *en banc*.

### <u>**ORDER**</u>

This 21st day of April, 2026, after consideration of the parties' briefs, the argument of counsel, and the record on appeal, it appears to the Court that:

(1)    Kashiem Thomas was convicted in the Superior Court of first degree murder and possession of firearm during the commission of a felony. The court sentenced Thomas to life in prison plus 15 years. On direct appeal, this Court affirmed Thomas's convictions and sentence.[1]

---

[1] *Thomas v. State*, 2020 WL 1061692 (Del. 2020).

(2) Thomas has now appealed the Superior Court's denial of his motion for postconviction relief under Superior Court Criminal Rule 61.[2] He argues that the Superior Court erred when it rejected his claims that he received ineffective assistance of counsel at trial and that his convictions were tainted by the perjured testimony of a critical prosecution witness. Thomas argues further that, even if these claims are insufficient to require reversal as standalone claims, the cumulative effect of the court's errors was such that a new trial is warranted.

(3) To the extent that these claims were presented to the Superior Court, we have concluded that the court properly rejected them for the reasons stated in its December 16, 2024 memorandum opinion.[3]

(4) Thomas did not fairly present to the Superior Court his claim that his trial counsel's failure to present Simone Ellison as a defense expert witness constituted ineffective assistance of counsel. We have therefore reviewed this claim only for plain error, and we have found none. Thomas's trial counsel's decision to rely on Ellison's written report and cross-examination of the State's expert in lieu of calling Ellison as a witness was not objectively unreasonable.

---

[2] *State v. Thomas*, 2024 WL 5517117 (Del. Super. Ct. Del. 16, 2024).
[3] *Id*.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court be AFFIRMED.

BY THE COURT:


*/s/ Gary F. Traynor*
Justice